UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6168-CR-FERGUSON
(Magistrate Judge Snow)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

PAUL ROBIN SALTZ,

    Defendant.
_____/



## MOTION FOR ATTORNEY-CONDUCTED VOIR DIRE

COMES NOW the Defendant, PAUL ROBIN SALTZ, by and through undersigned counsel, David J. Joffe, pursuant to the Local Rules for the Southern District of Florida, Rule 7.1A.1.4; B.1 (2000), and the Federal Rules of Criminal Procedure, Rule 12(a); (b); (c) (2000), Rule 24(a) (2000), and Rule 47 (2000), and would respectfully request this Honorable Court to grant the Defendant's request for attorney-conducted voir dire. As grounds in support of this motion, the Defendant would state the following factual basis:

1. Attorney-conducted voir dire serves an important purpose. The process of the attorney-selected jury is an opportunity for the attorney to make a favorable first impression upon the jurors. Attorney-conducted voir dire also provides an opportunity for the attorney to establish both rapport and a bond of credibility with the jurors. It also allows the jurors to see the Defendant as a human being, an individual, and not just as "the Defendant", the criminal charged with a crime.

2. Attorney-conducted voir dire permits the attorney to pursue relevant questions that the Honorable Court may not consider pursuing due to the fact that the attorney is more accurately aware of the issues relevant to his particular defense.

### MEMORANDUM OF LAW

Trial by jury lies at the very core of our democratic institutions. The Sixth Amendment to the United States Constitution guarantees the right of an accused to trial before an "impartial" jury. One of the avenues chosen to ensure the selection of a fair and impartial jury is our system of juror challenges. The right to challenges for cause and peremptory challenges is firmly embedded in our federal system and that of each of the 50 states. See, <u>Swain v. Alabama</u>, 380 U.S. 202 (1964).

A right to challenge prospective jurors, however, is worthless unless the challenges have meaning. As stated in <u>United States v. Ledee</u>, 549 F.2d 990 (1977), "Peremptory challenges are worthless if trial counsel is not afforded an opportunity to gain the necessary information upon which to base such strikes".

Challenges can only have meaning if the attorneys have information which enables them to discern differences among the prospective jurors. As stated in <u>United States v. Harris</u>, 542 F.2d 1283, 1294 (7th Cir. 1976), <u>cert. denied</u> 430 U.S. 934 (1976), "The defendants must be permitted sufficient inquiry into the backgrounds and attitudes of prospective jurors to enable them to exercise intelligently their peremptory challenges".

Allowing counsel to conduct their own limited voir dire enables these challenges to be exercised more intelligently and guarantees the right of fairer jury selection.

Reducing the social distance between the questioner and the prospective juror through active participation in the voir dire by attorneys can increase the candor of the juror's responses and be of more assistance in determining latent biases. Furthermore, the trial Judge is less familiar with the evidence and case theories than are the parties. In United States v. Ledee, 549 F.2d 990, 993 (5th Cir. 1977), the Court quoted with approval the work of Frates and Green, "Jury Voir Dire: The Lawyer's Perspective", 2 American Bar Association Litigation (1976) on this subject:

> A judge cannot have the same grasp of the facts, the complexities and nuances as the trial attorneys entrusted with the preparation of the case. The court does not know the strength and weakness of each litigant's case. Justice requires that each lawyer be given an opportunity to ferret out possible bias and prejudice of which the juror himself may be unaware until certain facts are revealed.

Attorney-conducted voir dire can be a valuable tool for eliciting juror bias. Counsel is better able to develop the voir dire questions which are relevant to the particular case and more sensitive as to which answers may need follow-up inquiry. In addition, non-verbal communications between the attorneys and prospective jurors, including the use of body language to particular questions, can also be a telling sign of bias during attorney-conducted voir dire which is itself important information in order to exercise challenges intelligently.

CONCLUSION

As stated by the Court in <u>United States v. Ible</u>, 630 F.2d 389 (5th Cir. 1980):

> While Federal Rule of Criminal Procedure 24(a) gives wide discretion to the trial court, voir dire may have little meaning if it is not conducted at least in part by counsel. The "Federal" practice of almost exclusive voir dire examination by the court does not take into account that it is the parties rather than the court who have a full grasp of the nuances and the strength and weakness of the case. "Peremptory challenges are worthless if trial counsel is not afforded to gain the necessary information upon which to base such strikes". (Citations) Therefore, questioning by the court must overall coupled with its charge to the jury, afford a party the protection it seeks. (Citations) <u>Experience indicates that in the majority of situations questioning by counsel would be more likely to fulfill this need than an exclusive examination in general terms by the trial court</u>.

<u>United States v. Ible</u>, 630 F.2d at 395.

While some additional time may be spent in voir dire, it should not seriously affect the flow of Court business. In weighing arguments for attorney voir dire against administrative concerns, it must be kept clearly in mind the function of the jury -- it will determine the fate of a fellow citizen.

Based on the factors previously cited, the Defendant respectfully moves that pursuant to Rule 24(a), Federal Rules of Criminal Procedure, the Court allow counsel to participate in the voir dire examination of prospective jurors.

4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed/hand-delivered this \_\_\_\_\_ day of July, 2000 to:

LYNN ROSENTHAL, ESQUIRE
Assistant United States Attorney
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, Florida  33301

ROBERT C. JOSEFSBERG, ESQUIRE
25 West Flagler Street
Suite 800, City National Bank Building
Miami, Florida  33130-1780

THEODORE KLEIN, ESQUIRE
800 Brickell Avenue
Penthouse 2
Miami, Florida  33131

TED CRESPI, ESQUIRE
1776 North Pine Island Road
Suite 218
Plantation, Florida  33322

JOHN HOWES, ESQUIRE
633 S. E. Third Avenue
Suite 4-F
Fort Lauderdale, Florida  33301

>                             Respectfully submitted,
>
>                             DAVID J. JOFFE, P.A.
>                             Attorney for Defendant
>                             2900 Bridgeport Avenue
>                             Suite 401
>                             Miami, Florida  33133
>                             (305) 446-5886
>
>                             By_____
>                               DAVID J. JOFFE, ESQUIRE
>                               FLORIDA BAR NO. 0814164

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6168-CR-FERGUSON
(Magistrate Judge Snow)

UNITED STATES OF AMERICA,

  Plaintiff,

vs.

PAUL ROBIN SALTZ,

  Defendant.
_____/

**ORDER ON MOTION FOR ATTORNEY-CONDUCTED VOIR DIRE**

THIS CAUSE is before the Court upon the Defendant's Motion for Attorney-Conducted Voir Dire.

After a careful review of the pleadings and the Court being fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that said motion is _____, within the scope of the Standing Discovery Order.

DONE AND ORDERED in Chambers at the United States District Courthouse, Miami, Florida, this _____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:

David J. Joffe, Esquire
Lynn Rosenthal, Esquire (AUSA)
Robert C. Josefsberg, Esquire
Theodore Klein, Esquire
Ted Crespi, Esquire
John Howes, Esquire