UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6168-CR-FERGUSON
(Magistrate Judge Snow)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

PAUL ROBIN SALTZ,

    Defendant.

_____/



### DEFENDANT'S QUESTIONS FOR
### COURT'S GENERAL VOIR DIRE OF THE JURY

COMES NOW the Defendant, PAUL ROBIN SALTZ, by and through undersigned counsel, David J. Joffe, pursuant to the Local Rules for the Southern District of Florida, Rule 7.1A.1.4; B.1 (2000), and the Federal Rules of Criminal Procedure, Rule 12(a); (c) (2000), Rule 24(a) (2000), and Rule 47 (2000), and would respectfully request that this Honorable Court include the attached questions in its general voir dire of the jurors prior to the requested attorney-conducted voir dire in order that the defense may effectively exercise its challenges for cause and peremptory challenges.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed/hand-delivered this 11th day of July, 2000 to:

LYNN ROSENTHAL, ESQUIRE
Assistant United States Attorney
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, Florida  33301

ROBERT C. JOSEFSBERG, ESQUIRE
25 West Flagler Street
Suite 800, City National Bank Building
Miami, Florida  33130-1780

THEODORE KLEIN, ESQUIRE
800 Brickell Avenue
Penthouse 2
Miami, Florida  33131

TED CRESPI, ESQUIRE
1776 North Pine Island Road
Suite 218
Plantation, Florida  33322

JOHN HOWES, ESQUIRE
633 S. E. Third Avenue
Suite 4-F
Fort Lauderdale, Florida  33301

Respectfully submitted,

DAVID J. JOFFE, P.A.
Attorney for Defendant
2900 Bridgeport Avenue
Suite 401
Miami, Florida  33133
(305) 446-5886

By_____
    DAVID J. JOFFE, ESQUIRE
    FLORIDA BAR NO. 0814164

I.

## PERSONAL BACKGROUND

1.  Each of you should state:

    (a)  Your name;

    (b)  Where you live;

    (c)  Your marital status (whether married, single, widowed or divorced);

    (d)  Your occupation; if retired, previous occupation;

    (e)  Your spouse's (or former spouse's) occupation, its length; if retired, previous occupation;

    (f)  Do you have children?    What are their ages and occupations?

2.  Have you ever served in the United States military?  If so:

    (a)  What branch?

    (b)  When?

    (c)  Rank?

    (d)  Have you served on any military hearings?

3.  Do you, or do any members of your family or friends know the presiding Judge in this case?

4.  Do you, or do any members of your family or friends know the Assistant United States Attorney who will be prosecuting this case?

5.  Do you, or do any members of your family or friends know the defense attorneys in this case?

6.  Do you know or recognize any other prospective jury panelist in the Courtroom?    If so, what is the basis of the relationship?    Would such relationship or acquaintance influence your judgment in this case?

7.  Have you ever applied for a job with or worked for a law enforcement agency, or in the security field?

3

8.  Do you have any relatives or friends who have applied with or work for:

    (a)  Law enforcement;

    (b)  A district attorney's office;

    (c)  The United States Attorney's Office;

    (d)  Any law enforcement or other quasi-law enforcement agency?

    (e)  Would any of you tend to give any greater weight or credibility, no matter how slight, to the testimony of a federal agent or prosecution witness merely because they are employees of, or are testifying on behalf of the government?  Would you give their testimony greater weight or credibility over that of the Defendants or witnesses on their behalf? <u>United States v. Baldwin</u>, 607 F.2d 1295 (9th Cir. 1979).

9.  Have any of you ever sat as a juror in a criminal case?  If so:

    (a)  When?

    (b)  What type of case?

    (c)  Did you reach a verdict?

10.  Have any of you ever served on a federal or state grand jury? If so:

    (a)  When?

    (b)  Where?

11.  Have you or any family members been a victim of a crime, witness to a crime or a defendant?  If so, please explain.

12.  Have any of you, any members of your immediate family, or close personal friends ever been a party to or testified in a civil trial or before a grand jury?  If so, please explain.

13.  Is there anything about the nature of these charges that would make it difficult for you to be fair and impartial as a judge of the facts?

II.

## LEGAL PRINCIPLES

1.  Do you agree with the fact that an indictment is merely a device for setting in motion the presentation of a case to the jury for your individual determination of a person's innocence or guilt; that it is not evidence and certainly not proof and that no unfavorable inference may be drawn against a person because he or she is charged with a crime?

2.  Do you understand that you must give the Defendant the presumption of innocence without any mental reservations whatsoever and that you are to consider this presumption of innocence as actual proof of innocence until it is overcome by proof of guilt beyond a reasonable doubt?

3.  The proof of a criminal case to establish the guilt of any person must be beyond a reasonable doubt. The burden of proof beyond a reasonable doubt rests with the prosecution. Do you understand that the prosecution has to prove each and every element of an offense to a moral certainty and beyond a reasonable doubt?

4.  Do you realize that the burden of proof is greater for a criminal case than for a civil case? The proof to establish the guilt of any person must be beyond a reasonable doubt.

5.  Do you understand that in a criminal case a Defendant is not required to explain his or her side of the case since the burden of proof does rest with the prosecution?

6.  If, after you have heard the evidence, you were not convinced but you thought the evidence showed the Defendant may possibly be guilty--would you nevertheless be able to return a verdict of not guilty in this case?

7.  Do you realize that you are the sole and exclusive judges of the facts and are to judge this case solely on the evidence before you and not allow the fear of later criticism to affect your verdict?

8.  Would any of you change your verdict if a majority of the other jurors believed that the Defendant was guilty and you were in the minority believing there was a reasonable doubt?

9.  Would the fact that you were in the minority influence your vote at all?

5

10. Do you know of any reason, or has anything occurred during this questioning period, that might make you doubtful as to whether you could be a completely fair and impartial juror in this case? If there is, it is now your duty to disclose this.