UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6168-CR-FERGUSON
(Magistrate Judge Snow)

UNITED STATES OF AMERICA,

Plaintiff,

vs.

PAUL ROBIN SALTZ,

Defendant.

_____/

**NIGHT BOX**
**FILED**

**JUL 1 2 2000**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANT'S MOTION TO INTERVIEW PROSPECTIVE
## WITNESSES AND INCORPORATED MEMORANDUM OF LAW

COMES NOW the Defendant, PAUL ROBIN SALTZ, by and through
undersigned counsel, David J. Joffe, and would respectfully move
this Honorable Court for entry of an Order providing him reasonable
access to, and opportunity to interview, prospective witnesses
herein, and would show:

One of the few defense discovery rights actually recognized as
being of constitutional dimension is the right of access to
prospective witnesses; interference with that right violates due
process.    United States v. Pepe, 747 F.2d 632, 654 (11th Cir.
1984), citing Freeman v. Georgia, 599 F.2d 65 (5th Cir. 1979),
cert. denied 444 U.S. 1013 (1980). It is universally recognized
that, "both sides have the right to interview witnesses before
trial".    United States v. Black, 767 F.2d 1334, 1337 (9th Cir.
1985), cert. denied 474 U.S. 1022; State v. Barncord, 726 P.2d 1322
(Kansas 1986); State v. Smith, 670 P.2d 96 (Montana 1983); Hill v.
State, 366 So.2d 296, affirmed 366 So.2d 318 (Ala.Crim.App. 1978);



and that the prosecution may not interfere with defense access to witnesses, Black at 1337; accord, United States v. Scott, 518 F.2d 261, 268 (6th Cir. 1975); United States v. Bailey, 834 F.2d 218, appeal after remand 846 F.2d 1 (1st Cir. 1987); Pepe, supra at 654, citing United States v. Brown, 555 F.2d 407, 425 (5th Cir. 1977), cert. denied 435 U.S. 904 (1978); United States v. Henao, 652 F.2d 591 (5th Cir. Unit B 1981).

By this motion, we ask the Court not merely to enjoin that which is in any event forbidden prosecutorial suppression of witnesses, but also to afford Defendant an opportunity, equal to that of the prosecution, to interview prospective witnesses. In United States v. Peter Kiewit Sons' Co., 655 F.Supp. 73 (D. Colo. 1986), the Court discussed the unique value of witness interviews by defense counsel.

> All witnesses had been interviewed repeatedly by the government attorneys or agents, without any defense representative present, and written statements had been taken. The government has agreed to make copies of these statements available to defense counsel. But defense counsel wish to interview the witnesses in private. It is understandable that defense attorneys might have entirely different questions to ask witnesses than those put by the prosecutors.

Id. at 77. "Understandable" is an understatement. Central to our adversarial system of justice (as opposed to the inquisitorial system of justice in civil law countries) is the principle that the advocate (as opposed to the trier of fact or the accuser) is the proper person to investigate and prepare the defense that he himself will present. As a distinguished State Supreme Court

2

Justice recently observed:

> It is ... illogical to give prosecutors the
> discretion to determine which witnesses are
> relevant to a defendant's case and those
> witnesses who are not. Even assuming that a
> prosecutor will always exercise his
> discretion. In good faith, the prosecutor is
> not in a position to determine what is
> relevant to the defendant's case. Relevance
> is in the eye of the beholder, particularly
> when the beholder is an adversary. I firmly
> believe that a defendant should be allowed to
> determine which witnesses may be important to
> his or her case. Prosecutors cannot
> accurately predict or determine what a
> defendant's case will be. It is the function
> of a defendant's trial counsel to determine
> those matters that are important to the
> defendant's case.

Peter Kiewit Sons' Co., supra at 78.   It has long been
recognized that a criminal trial is supposed to be a quest for
truth and that such a quest, "will more often be successful if both
sides have an equal opportunity to interview the persons who have
the information from which the truth may be determined." Gregory
v. United States, 369 F.2d 185, 188 (D.C. Cir. 1966).   Defense
interviews of witnesses will eliminate "trial by surprise".   A
Defendant properly familiar with the testimony against him is a
Defendant who can make a meaningful decision whether to proceed to
trial or to enter a guilty plea. Thus, the interests of judicial
efficiency and economy mesh with the Defendant's due process
rights, both supporting Defendant's claim for pre-trial interviews
of potential witnesses.

WHEREFORE, Defendant respectfully prays that this Honorable
Court enter its Order granting him interviews with prospective
witnesses in this cause and granting such other and further relief

3

as this Honorable Court may seem just.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed/hand-delivered this $\underline{12th}$ day of July, 2000 to:

LYNN ROSENTHAL, ESQUIRE
Assistant United States Attorney
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, Florida   33301

ROBERT C. JOSEFSBERG, ESQUIRE
25 West Flagler Street
Suite 800, City National Bank Building
Miami, Florida   33130-1780

THEODORE KLEIN, ESQUIRE
800 Brickell Avenue
Penthouse 2
Miami, Florida   33131

TED CRESPI, ESQUIRE
1776 North Pine Island Road
Suite 218
Plantation, Florida   33322

JOHN HOWES, ESQUIRE
633 S. E. Third Avenue
Suite 4-F
Fort Lauderdale, Florida   33301

Respectfully submitted,

DAVID J. JOFFE, P.A.
Attorney for Defendant
2900 Bridgeport Avenue
Suite 401
Miami, Florida   33133
(305) 446-5886

By_____
    DAVID J. JOFFE, ESQUIRE
    FLORIDA BAR NO. 0814164

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6168-CR-FERGUSON
(Magistrate Judge Snow)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

PAUL ROBIN SALTZ,

    Defendant.

_____/

### ORDER ON MOTION TO
### INTERVIEW PROSPECTIVE WITNESSES

THIS CAUSE is before the Court upon the Defendant's Motion to Interview Prospective Witnesses.

After a careful review of the pleadings and the Court being fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that said motion is _____, within the scope of the Standing Discovery Order.

DONE AND ORDERED in Chambers at the United States District Courthouse, Miami, Florida, this _____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:

David J. Joffe, Esquire
Lynn Rosenthal, Esquire
Robert C. Josefsberg, Esquire
Theodore Klein, Esquire
Ted Crespi, Esquire
John Howes, Esquire