UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6168-CR-FERGUSON
(Magistrate Judge Snow)

UNITED STATES OF AMERICA,

Plaintiff,

vs.

PAUL ROBIN SALTZ,

Defendant.
_____/

**NIGHT BOX FILED**

JUL 1 2 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES

COMES NOW the Defendant, PAUL ROBIN SALTZ, by and through undersigned counsel, David J. Joffe, pursuant to the Local Rules for the Southern District of Florida, Rule 7.1A.1.4; B.1 (2000), and the Federal Rules of Criminal Procedure, Rule 12(a); (b); (c) (2000), Rule 24(b) (2000), and Rule 47 (2000), and would respectfully request this Honorable Court to permit undersigned counsel to have additional peremptory challenges. As grounds in support of this motion, the Defendant would state the following factual basis:

1. The Defendant is presently set to be tried jointly with Co-Defendants before this Honorable Court.

2. In order to select a jury that is impartial and representative of the community, it is necessary that Defendant be granted additional peremptory challenges in order to protect this fundamental right.

### MEMORANDUM OF LAW

The Federal Rules of Criminal Procedure, Rule 24(b) (2000),



states that:

> ... if there is more than one defendant, the court may allow the defendants additional peremptory challenges and permit them to be exercised separately or jointly.

The award of additional challenges is not mandatory, but permissive, and rests in the Court's discretion. United States v. Springfield, 829 F.2d 860 (9th Cir. 1987); United States v. Haldeman, 559 F.2d 31 (D.C. Cir. 1976); United States v. Ehrlichman, 546 F.2d 910 (D.C. Cir. 1976), cert. denied 429 U.S. 1120 (1977); United States v. Means, 409 F.Supp. 115 (D. N.D. 1976).

Peremptory challenges are a creature of statute and not a constitutional right. Ross v. Oklahoma, 487 U.S. 81 (1988); Gray v. Mississippi, 481 U.S. 648 (1987); Stilson v. United States, 250 U.S. 583, 586 (1919).

A Court may condition the grant of additional challenges on a stipulation for more challenges for the government. United States v. Bruno, 873 F.2d 555 (2d Cir.), cert. denied 493 U.S. 840 (1989); Vaccar, 816 F.2d at 457; United States v. Hueftle, 687 F.2d 1305, 1309 (10th Cir. 1982); United States v. Tucker, 526 F.2d 279, 283 (5th Cir.), cert. denied 425 U.S. 958 (1976).

## CONCLUSION

In order to assure that the Defendant receives a jury that is impartial and representative of the community, it is necessary that additional peremptory challenges be granted by this Honorable Court pursuant to Federal Rules of Criminal Procedure, Rule 24(b) (2000).

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed/hand-delivered this 12th day of July, 2000 to:

LYNN ROSENTHAL, ESQUIRE
Assistant United States Attorney
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, Florida 33301

ROBERT C. JOSEFSBERG, ESQUIRE
25 West Flagler Street
Suite 800, City National Bank Building
Miami, Florida 33130-1780

THEODORE KLEIN, ESQUIRE
800 Brickell Avenue
Penthouse 2
Miami, Florida 33131

TED CRESPI, ESQUIRE
1776 North Pine Island Road
Suite 218
Plantation, Florida 33322

JOHN HOWES, ESQUIRE
633 S. E. Third Avenue
Suite 4-F
Fort Lauderdale, Florida 33301

Respectfully submitted,

DAVID J. JOFFE, P.A.
Attorney for Defendant
2900 Bridgeport Avenue
Suite 401
Miami, Florida 33133
(305) 446-5886

By_____
DAVID J. JOFFE, ESQUIRE
FLORIDA BAR NO. 0814164

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6168-CR-FERGUSON
(Magistrate Judge Snow)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

PAUL ROBIN SALTZ,

    Defendant.
_____/

**ORDER ON MOTION FOR
ADDITIONAL PEREMPTORY CHALLENGES**

THIS CAUSE is before the Court upon the Defendant's Motion for Additional Peremptory Challenges.

After a careful review of the pleadings and the Court being fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that said motion is _____, within the scope of the Standing Discovery Order.

DONE AND ORDERED in Chambers at the United States District Courthouse, Miami, Florida, this _____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:

David J. Joffe, Esquire
Lynn Rosenthal, Esquire
Robert C. Josefsberg, Esquire
Theodore Klein, Esquire
Ted Crespi, Esquire
John Howes, Esquire