UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case no.00-6168-Cr-Ferguson/Snow

| | |
|---|---|
| UNITED STATES, | : |
| Plaintiff, | : |
| vs. | : |
| PAUL ROBIN SALTZ, | : |
| Defendant. | : |
| _____/ | |

## OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT

PAUL SALTZ objects to the denial of any reduction for his role in the offense. Pursuant to the written plea agreement and verified at the time of the plea in this case, the government is recommending a two level decrease for acceptance of responsibility in this case and the defendant is allowed to argue for a greater decrease.

> The sentence imposed for a particular offense is based upon the applicable sentencing offense levels set forth in Chapter Two (Offense Conduct) of the Sentencing Guidelines. A sentence adjustment for "the role the defendant played in committing the offense" (either mitigating or aggravating) may also be available. U.S.S.G. Ch. 3, Pt. B, intro. comment. Specifically, a defendant may receive a two to four level reduction in her base offense level where her role in the offense can be described as minimal, minor, or somewhere in between. See U.S.S.G. § 3B1.2. Minimal participants may receive a four-level reduction, minor participants may receive a two-level reduction, and those whose participation falls in between may receive a three-level reduction. See U.S.S.G. § 3B1.2(a), (b). The commentary to the Guidelines instructs that a four-level reduction "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group .... [and their] lack of knowledge or understanding of the scope and structure of the

-1-



enterprise and of the activities of others is indicative of a role as minimal participant." U.S.S.G. § 3B1.1, comment. (n.1). The application note provides, for example, that a four-level reduction would be appropriate "for someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." U.S.S.G. § 3B1.2, comment. (n.2). In contrast, a minor role in the offense "means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.3).

*United States v. De Varon*, 175 F.3d 930, 938-39 (11th Cir. 1999) *(en banc)*.

Paul Saltz submits that he is entitled to a decrease for role reduction in this matter because of his minor/minimal (3 level reduction) involvement in this matter. First, the defendant's sole function in this cause was, with his now deceased son, to print false pay stubs so that the lead defendants could submit the false applications to HUD. The defendant did not devise the scheme, he did not select the individuals to participate in the scheme, he did not recruit others, and he did not select the information to place on the slips. Further, unlike the others above him in the conspiracy, he only received $15 per slip and together with his son made only approximately $3,000 for their participation in the conspiracy. In fact, the defendant only charged his normal shop rate for the production of these documents. That is, the shop rate was $60 per hour and each slip took approximately 15 minutes to make.

While the defendant acknowledges he produced these slips for 121 separate transactions, his role was significantly less than that of the others, like Jean Dufralessi, who according to the PSI report in ¶ 26, "was responsible for falsifying verifications of employment, directing and arranging to have his friends act as employers of borrowers, and purchasing cashier's checks on behalf of gift

donors with ARC money."[1] Paul Saltz submits that his role, while involved in 121 closings is more akin to the role of Annette Gonzalez who was involved in 16 loans and recommended by probation for a 2 level reduction for minor role, because among other reasons she "worked at the direction of [codefendant] Heyder."

According to the Sentencing Guidelines, the definition of a minimal participant "applies to a defendant who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." USSG § 3B1.2, Application Note 1. The defendant submits that he was unaware of the "flip" aspect of the conspiracy as well as the routine inflation of the sales prices of the properties by $15,000.

Based on the defendant's role in relation to his coconspirators, the defendant submits he is entitled to a role reduction. The determination of this court of that role will be the one upheld by the appellate court as the defendant has waived her right to appeal and the appeal court only reviews a district court's determination for clear error. *See De Varon, supra. United States v. Garrison*, 133 F.3d 831, 843 (11th Cir. 1998).

"The Guidelines also contemplate some comparison of a defendant's conduct to that of his coconspirators. *See U.S.S.G.* §3B1.2, comment. (nn.1 & 3) (defining 'minor' and 'minimal' roles in terms of defendant's conduct relative to that of his coconspirators)." *United States v. Cataldo*, 171 F.3D 1316 (11th Cir. 1999). Application Note 3 of U.S.S.G. §3B1.2 further provides that "a minor

---

[1] Despite the fact that the Defendant is unaware of the actual amount of money made by Dufralessi, he is certain that it must have been significantly more than the approximate $3,000 he and his son earned together.

-3-

participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." Thus, whether a downward adjustment is warranted is determined not only by comparing the acts of each participant in relation to the relevant conduct for which they are held accountable, but also by measuring each participant's individual acts and relative culpability against the elements of the offense. A court must examine the defendant's role in the scope and structure of the scheme, including whether this was the defendant's single contact with the criminal enterprise. At the least a court must make some factual inquiry which measures that particular individual's conduct against that of the other participants in a criminal scheme. *See United States v. Webster*, 996 F.2d 209, 212 (9th Cir.1993)("the evidence available to the court at sentencing must, at a minimum, show (i) that the "relevant conduct' ... involved more than one participant ... [and](ii) that the defendant's culpability ... was relatively minor compared to that of the other participant(s)."); *United States v. Caballero,* 936 F.2d 1292, 1299 (D.C.Cir.1991)("[S]ection 3B1 allows the sentencing judge to look to the contours of the underlying scheme itself rather than the mere elements of the offense charged.")(internal quotations and citations omitted).

> [I]n determining a defendant's role in the offense, a district court must measure the defendant's role against the relevant conduct attributed to her in calculating her base offense level. This methodology is essential to any evaluation of mitigating role. Only if the defendant can establish that she played a relatively minor role in the conduct for which she has already been held accountable--not a minor role in any larger criminal conspiracy--should the district court grant a downward adjustment for minor role in the offense.

*De Varon*, 175 F.3d at 943-44.

Compared to the others charged in this case, including the individuals immediately above him, the defendant's role falls into the three level reduction between minor and minimal reduction levels. Further, he played a relatively minor role in the conduct for which he was being held

-4-

accountable by simply printing up some sheets at the direction of others. He recruited no one. solicited no one. and did not run errands or richly enjoy the profits.

For the reasons stated. Paul Saltz submits that he should receive a three level reduction for his minor/minimal role in this case.

GARY KOLLIN. P.A.
8211 W. Broward Blvd., #420
Ft. Lauderdale, FL 33324
Telephone: (954) 723-9999

Gary Kollin, Esq.
Fla. Bar No. 282431

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed on January 3, 2001 to Jeffrey Kaplan. Assistant United States Attorney. 500 E. Broward Blvd.. Ft. Lauderdale, FL 33394 and to Georgann Stanley, US Probation Officer, 299 E. Broward Blvd.., Room 409, Ft. Lauderdale. FL 33301-1168.

Gary Kollin. Esq.